UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 0 3 2017

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § |
| | § CRIMINAL NO.H17-422(S) |
| | § |
| | § |
| | § SEALED |
| | § |

9. **ALEJANDRO MOYA** *aka Borrado* (Counts 1-4, 12-15, 17, 21)

1

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
*[21 U.S.C. §846 – Conspiracy to Possess With Intent to Distribute a Controlled Substance]*

From on or about February 1, 2012, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,



**ALEJANDRO MOYA aka Borrado**

2

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit offenses defined in Title 21, United States Code, §841, namely, to possess with intent to distribute a controlled substance. The overall scope of the conspiracy involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

[All in violation of Title 21, United States Code, §§§ 841(a)(1), 841(b)(1)(A)(ii) and (vii) and 846.].

## COUNT TWO
### [21 U.S.C. §963&959 - Conspiracy to Manufacture/Distribute Controlled Substance for Purpose of Unlawful Importation]

From on or about February 1, 2012, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas, the Republic of Mexico and elsewhere, and within the jurisdiction of this court, the defendants,



**ALEJANDRO MOYA aka Borrado**

3



did knowingly and intentionally combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit offenses defined in Title 21, United States Code, Section 959(a), namely, to distribute a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing and having reasonable cause to believe that said marijuana would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a) and 963.

The overall scope of the conspiracy involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 963 and 960(a)(3)(b)(1)(B) and (G).

## COUNT THREE
### *[21 U.S.C. §963&952 - Conspiracy to Import a Controlled Substance]*

From on or about February 1, 2012, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas, the Republic of Mexico and elsewhere, and within the jurisdiction of this court, the defendants,



4



**ALEJANDRO MOYA aka Borrado**

knowingly, intentionally, and unlawfully combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit offenses defined in Title 21, United States Code, Section 952(a), namely, to import a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a) and 963.

The overall scope of the conspiracy involved one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 963 and 960(a)(1)(b)(1)(B) and (G).

5

## COUNT FOUR
## CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS
*[18 U.S.C. §1956 - Conspiracy to Launder Monetary Instruments]*

From on or about February 1, 2012 and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,



**ALEJANDRO MOYA aka Borrado**

did knowingly, intentionally and unlawfully combine, conspire, confederate and agree together and with persons known and unknown to the grand jury, to transport, transmit, transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, to wit: Mexico, with the intent to promote the carrying on of a specified unlawful activity, and which transactions, in fact, involved the proceeds of illegal drug trafficking as specified in 21 U.S.C. § 841 (a)( 1) and as more fully alleged in Count 1 of the indictment, and knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of the

6

specified unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity.

All in violation of 18 U.S.C. §§1956 (a)(2)(A) and (a)(2)(B)(i), and 1956(h) and Title 18, United States Code, §2.

## COUNT FIVE
### *[21 U.S.C. §841- Possession With Intent to Distribute;*
### *18 U.S.C. §2 Aiding and Abetting]*

From on or about          in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, §2.

7

### COUNT SIX
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about _____ in the Southern District of Texas and elsewhere, and

within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance.  This violation involved one hundred (100) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance.  All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii)

and Title 18, United States Code, §2.

### COUNT SEVEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about _____ in the Southern District of Texas and elsewhere, and

within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance.  This violation involved one hundred (100) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance.  All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii)

and Title 18, United States Code, §2.

8

## COUNT EIGHT
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about ▮▮▮▮▮▮▮▮▮ in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance.   This violation involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.   All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, §2.

## COUNT NINE
### *[18 U.S.C. §1956 - Laundering of Monetary Instruments]*

From on or about ▮▮▮▮▮▮▮▮ in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to transport, transmit, and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to the Republic of Mexico with the intent to promote the carrying on a specified unlawful activity and knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the

9

control of the proceeds of said specified unlawful activity, all in violation of 18 U.S.C. §§1956

(a)(2)(A), (a)(2)(B)(i) and Title 18, United States Code, §2.

### COUNT TEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about                         in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved one hundred (100) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii)

and Title 18, United States Code, §2.

### COUNT ELEVEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about                      in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved one hundred (100) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii)

and Title 18, United States Code, §2.

10

## COUNT TWELVE
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about November 20, 2012, in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,



### ALEJANDRO MOYA aka Borrado

did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved one thousand (1000) kilograms or

more of a mixture or substance containing a detectable amount of marijuana, a Schedule I

controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and

841(b)(1)(A)(vii) and Title 18, United States Code, §2.

## COUNT THIRTEEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about November 30, 2012, in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendant,

### ALEJANDRO MOYA aka Borrado,

did knowingly and intentionally, aid, abet and assist others known and unknown to possess with

intent to distribute a controlled substance. This violation involved one hundred (100) kilograms

or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I

controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and

841(b)(1)(B)(vii) and Title 18, United States Code, §2.

11

## COUNT FOURTEEN
### *[18 U.S.C. §1956 - Laundering of Monetary Instruments]*

From on or about December 11, 2012, in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,

### ALEJANDRO MOYO aka Borrado,

did knowingly and intentionally, aid, abet and assist each other to transport, transmit, and

transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a

place in the United States to the Republic of Mexico with the intent to promote the carrying on a

specified unlawful activity and knowing that the monetary instruments and funds involved in the

transportation, transmission and transfer represent the proceeds of some form of unlawful

activity and knowing that such transportation, transmission, and transfer was designed in whole

or in part to conceal and disguise the nature, the location, the source, the ownership, and the

control of the proceeds of said specified unlawful activity, all in violation of 18 U.S.C. §§1956

(a)(2)(A), (a)(2)(B)(i) and Title 18, United States Code, §2.

## COUNT FIFTEEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about December 12, 2012, in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendant,

### ALEJANDRO MOYA aka Borrado,

did knowingly and intentionally, aid, abet and assist others known and unknown to possess with

intent to distribute a controlled substance. This violation involved less than one hundred (100)

kilograms or more of a mixture or substance containing a detectable amount of marijuana, a

Schedule I controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1)

12

and 841(b)(1)(C) and Title 18, United States Code, §2.

### COUNT SIXTEEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about             in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved one thousand (1000) kilograms or

more of a mixture or substance containing a detectable amount of marijuana, a Schedule I

controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and

841(b)(1)(A)(vii) and Title 18, United States Code, §2.

### COUNT SEVENTEEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about February 17, 2013, in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,

**ALEJANDRO MOYA aka Borrado**

did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved one hundred (100) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii)

and Title 18, United States Code, §2.

13

## COUNT EIGHTEEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about                    in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved one hundred (100) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii)

and Title 18, United States Code, §2.

## COUNT NINETEEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about                    in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved five (5) kilograms or more of a

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(ii)

and Title 18, United States Code, §2.

14

## COUNT TWENTY
### *[18 U.S.C. §1956 - Laundering of Monetary Instruments]*

From on or about ▮▮▮▮▮▮▮▮▮▮ in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to transport, transmit, and

transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a

place in the United States to the Republic of Mexico with the intent to promote the carrying on a

specified unlawful activity and knowing that the monetary instruments and funds involved in the

transportation, transmission and transfer represent the proceeds of some form of unlawful

activity and knowing that such transportation, transmission, and transfer was designed in whole

or in part to conceal and disguise the nature, the location, the source, the ownership, and the

control of the proceeds of said specified unlawful activity, all in violation of 18 U.S.C. §§1956

(a)(2)(A), (a)(2)(B)(i) and Title 18, United States Code, §2.

15

### COUNT TWENTY-ONE
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about March 1, 2013, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

### ALEJANDRO MOYA aka Borrado



did knowingly and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, §2.

### COUNT TWENTY-TWO
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about                   in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(ii) and Title 18, United States Code, §2.

16

## COUNT TWENTY-THREE
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about ▮▮▮▮▮▮▮▮, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendant,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

did knowingly and intentionally, aid, abet and assist others known and unknown to possess with intent to distribute a controlled substance. This violation involved more than five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(ii) and Title 18, United States Code, §2.

## COUNT TWENTY-FOUR
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about ▮▮▮▮▮▮▮▮, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

did knowingly and intentionally, aid, abet and assist each other to possess with intent to distribute a controlled substance. This violation involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(ii) and Title 18, United States Code, §2.

17

## COUNT TWENTY-FIVE
### *[18 U.S.C. §1956 - Laundering of Monetary Instruments]*

From on or about          in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to transport, transmit, and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to the Republic of Mexico with the intent to promote the carrying on a specified unlawful activity and knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, all in violation of 18 U.S.C. §§1956 (a)(2)(A), (a)(2)(B)(i) and Title 18, United States Code, §2.

## COUNT TWENTY-SIX
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about          in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendant,



did knowingly and intentionally, aid, abet and assist others known and unknown to possess with intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I

18

controlled substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18, United States Code, §2.

## COUNT TWENTY-SEVEN
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about           in the Southern District of Texas and elsewhere, and

within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved one hundred (100) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(vii)

and Title 18, United States Code, §2.

## COUNT TWENTY-EIGHT
### *[18 U.S.C. §1956 - Laundering of Monetary Instruments]*

From on or about          in the Southern District of Texas and elsewhere, and

within the jurisdiction of this Court, the defendants,



did knowingly and intentionally, aid, abet and assist each other to transport, transmit, and

transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a

place in the United States to the Republic of Mexico with the intent to promote the carrying on a

19

specified unlawful activity and knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, all in violation of 18 U.S.C. §§1956 (a)(2)(A), (a)(2)(B)(i) and Title 18, United States Code, §2.

## COUNT TWENTY-NINE
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about                in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendant,

did knowingly and intentionally, aid, abet and assist others known and unknown to possess with intent to distribute a controlled substance. This violation involved more than five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, §§841(a)(1) and 841(b)(1)(B)(ii) and Title 18, United States Code, §2.

20

## COUNT THIRTY
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about        in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendant,

did knowingly and intentionally, aid, abet and assist others known and unknown to possess with

intent to distribute a controlled substance. This violation involved five (5) kilograms or more of

a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(ii)

and Title 18, United States Code, §2.

## COUNT THIRTY-ONE
### *[21 U.S.C. §841- Possession With Intent to Distribute]*

From on or about        in the Southern District of Texas and elsewhere,

and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist each other to possess with intent to

distribute a controlled substance. This violation involved five (5) kilograms or more of a

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance. All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(ii)

and Title 18, United States Code, §2.

21

## NOTICE OF CRIMINAL FORFEITURE
### 21 U.S.C. § 853(a)

Pursuant to Title 21, United States Code, Section 853(a), the United States of America

gives notice to the defendants:



**ALEJANDRO MOYA aka Borrado**

that, upon conviction of an offense in violation of Title 21, United States Code, Sections 841, 846,

952, and 963 as charged in this Indictment, the following property shall be subject to forfeiture:

> (a) all property constituting, or derived from, any proceeds obtained, directly or
> indirectly, as a result of such violation; and

22

(b) all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## NOTICE OF CRIMINAL FORFEITURE
### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States of America

gives notice to the defendants:



**ALEJANDRO MOYA aka Borrado**

that in the event of conviction of an offense in violation of Title 18, United States Code, Section 1956, as charged in this Indictment, all property, real or personal, involved in such offense, or

23

property traceable to such property, is subject to forfeiture.

## MONEY JUDGMENT

Defendants are notified that upon conviction, the United States may seek the imposition of a money judgment.

## SUBSTITUTE ASSETS

In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
_____
FOREPERSON OF THE GRAND JURY

ABE MARTINEZ
Acting United States Attorney

By: _____
Eric D. Smith
Assistant United States Attorney

24